| Fill in this information to identify your case: | |
|---|---|
| Debtor | Tiffany W. Crumble |
| United States Bankruptcy Court for the: | DISTRICT OF OREGON ~2005 MODEL PLAN |
| Case number (if known) | 18-34280-tmb13 |

# Official Form 410
# Proof of Claim

4/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Oregon Affordable Housing Assistance Corporation
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
■ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Oregon Affordable Housing Assistance Corporation, C/O Julie Cody,RA   725 SUMMER ST NE STE B Salem, OR 97301
Name, Number, Street, City, State & Zip Code
Contact phone _____
Contact email _____

Where should payments to the creditor be sent? (if different)

Same address

Name, Number, Street, City, State & Zip Code
Contact phone _____
Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
■ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**
■ No
☐ Yes. Who made the earlier filing? _____

Official Form 410 — Proof of Claim — page 1

| | | | |
|---|---|---|---|
| **Part 2:** | Give Information About the Claim as of the Date the Case Was Filed | | |

**6. Do you have any number you use to identify the debtor?**
☐ No
■ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 1794

**7. How much is the claim?** $ 12,320.00  **Does this amount include interest or other charges?**
■ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money loaned

**9. Is all or part of the claim secured?**
☐ No
■ Yes.   The claim is secured by a lien on property.

**Nature of property:**
■ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe:   1634 N. Sumner St., Portland, OR 97217
**Basis for perfection:**   Mortgage recorded 10/24/17

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ 182,787.00
**Amount of claim that is secured:** $ 12,320.00
**Amount of claim that is unsecured:** $ _____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed)   0 %
☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**
■ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition:** $ _____

**11. Is this claim subject to a right of setoff?**
■ No
☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ■ No<br>☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier.11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

### Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

■ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date **February 16, 2019**
MM/ DD / YYYY

**/s/ Brian Wheeler**
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | **Brian Wheeler** |
| Title | **Debtor's Attorney** |
| Company | **Brian Wheeler** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **3939 NE Hancock Street**<br>**Suite 304**<br>**Portland, OR 97212** |
| | Number, Street, City, State and Zip Code |
| Contact phone | **503 284 0994**   Email   **brian@brian-wheeler.com** |

Return after recording to:
Oregon Affordable Housing Assistance Corporation
725 Summer Street NE, Suite B
Salem, Oregon 97301-1266

Multnomah County Official Records
E Murray, Deputy Clerk

2017-129022

$72.00



10/24/2017 03:48:23 PM

1R-MTG    Pgs=7 Stn=70 HUNTK
$35.00 $11.00 $20.00 $6.00

# SUBORDINATE MORTGAGE
(WITH DUE ON SALE OR REFINANCE CLAUSE)
OREGON AFFORDABLE HOUSING ASSISTANCE CORPORATION
OREGON HOMEOWNERSHIP STABILIZATION INITIATIVE (OHSI)
LOAN PRESERVATION ASSISTANCE (LPA) PROGRAM

**Definitions:**

"**Borrower**" or "**I**" means each person signing this Subordinate Mortgage.

"**Lender**" means Oregon Affordable Housing Assistance Corporation ("OAHAC") and any successors or assigns of the Lender.

"**Loan**" means those funds advanced by OAHAC on Borrower's behalf to the entity servicing the First Mortgage Loan or to a county tax authority with a lien against the Property.

"**Property**" means the real property described on Exhibit "A" attached hereto, which is the Borrower's residence located at:

"**First Mortgage or First Mortgage Loan**" means that certain prior mortgage loan encumbering the Property to which the Loan proceeds will be applied, which may include a reverse mortgage serviced by a HUD-approved HECM servicer or a regulated financial institution, or other indebtedness secured by the Property for payment of property taxes owed on the Property.

**THIS SUBORDINATE MORTGAGE** (this "Mortgage") is made this 14th day of September, 2017, by TIFFANY CRUMBLE (herein, the "Borrower") whose address is 1634 N SUMNER ST., PORTLAND, OR 97217 (this address is the Property Address and shall be the Borrower's address for purposes of any notice required or permitted hereunder). This Mortgage is given to OREGON AFFORDABLE HOUSING ASSISTANCE CORPORATION, a nonprofit public benefit corporation, whose address is 725 SUMMER STREET NE, SUITE B, SALEM, OREGON 97301-1266 (this address shall be the Lender's address for purposes of any notice required or permitted hereunder).

The Borrower is indebted to the Lender in the sum of up to FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00) as evidenced by that certain Promissory Note (the "Note") of even date herewith executed by the Borrower in favor of the Lender evidencing the Loan made by the Lender to the Borrower under the Oregon Homeownership Stabilization Initiative (OHSI), which is administered by the Lender pursuant to sections 101 and 109 of the Emergency Economic Stabilization Act of 2008 (P.L. 110-343), as amended, and the program guidelines established and implemented by the Lender in connection therewith. The Loan evidenced by the Note is made by the Lender to the Borrower, and shall be advanced on behalf of the Borrower, exclusively to satisfy mortgage related indebtedness for which the Borrower is obligated under the Borrower's First Mortgage Loan, or, if applicable, to pay other indebtedness secured by the Property for payment of property taxes owed on the Property.

The Note provides that if the Property is sold or refinanced at any time before the Principal Amount has been forgiven in full as provided in the Rider to the Note, the Outstanding Principal Amount on the Note shall become immediately due and payable in full without notice or demand as provided in section 20 of this Mortgage.

This Mortgage is subordinate to the First Mortgage and to any real property taxes owed now or in the future against the Property.

**TO SECURE** to Lender the repayment of the indebtedness evidenced by the Note, the payment of all other sums advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of the Borrower herein contained, the Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of ___Multnomah___, State of Oregon (insert legal description):

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE**

**TOGETHER** with all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the Property covered by this Mortgage.

**BORROWER COVENANTS** represents and warrants to Lender and its successors and assigns that Borrower is indefeasibly seized of the estate hereby conveyed in fee simple; has full right to mortgage, grant and convey the Property; and that the Property is unencumbered, except as provided in paragraph 4 of this Mortgage. Borrower warrants title to the Property and will defend same against the lawful claims and demands of all persons whomsoever.

**PROVIDED ALWAYS** that if Borrower shall pay to Lender, all sums due or to become due under the Note or this Mortgage and shall perform, comply with, and abide by each and every stipulation, agreement, condition, and covenant of the Note and of this Mortgage, and shall pay all taxes that may accrue on the Property and all costs and expenses that Lender may be put to in collecting the Note and in foreclosure of this Mortgage or otherwise, including costs and reasonable attorney's fee, then this Mortgage and the estate hereby created shall cease and be null and void.

**BORROWER FURTHER COVENANTS** and agrees with Lender as follows:

1. **Payment.** Borrower shall promptly pay when due the principal amount evidenced by the Note and all other sums of money payable by virtue of the Note or this Mortgage.

2. **Funds for Taxes and Insurance.** Borrower shall pay or cause to be paid before same become delinquent all taxes, assessments and other charges, fines and impositions attributable to the Property which have attained or may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraph 1 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower of principal of the Note; then to any other monies due under the Note or this Mortgage in that order.

4. **Warranty of Title; Prior Encumbrances, Charges and Liens.** Borrower warrants that it has good and marketable fee simple title to the Property, free and clear of all liens and encumbrances except any existing First Mortgage and those liens and encumbrances approved in writing by Lender.

   Borrower shall perform all of Borrower's obligations under the First Mortgage and any other mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which have attained or may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Liability and Hazard Insurance.** Borrower shall maintain liability insurance and keep the improvements now existing or hereafter erected on the Property adequately insured against loss by fire and hazards included within the term "extended coverage" and the Lender shall be named as an additional mortgagee on any such policies. All insurance policies and renewals shall be delivered to the Lender for review within fifteen (15) days following Lender's request for same.

6. **Preservation and Maintenance of Property; Leaseholds; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the

Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing such planned unit development, the by-laws and regulations of the planned unit development.

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, including Borrower's obligations under paragraphs 2 and 5, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option (and without any obligation), may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest in the Property. If Borrower is required to maintain mortgage insurance as a condition of any other mortgage or deed of trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with the Borrower's written agreement or applicable law. Any amounts disbursed by Lender pursuant to this paragraph, with interest thereon, at the rate of twelve percent (12%) per annum, shall become additional indebtedness of the Borrower secured by this Mortgage. Unless Borrower and Lender agree otherwise, such amounts shall be payable upon demand. Nothing contained in this Paragraph 5 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property upon notice to Borrower specifying reasonable cause therefore related to the Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation to the extent of the unpaid balance of all sums due or to become due under the Note or this Mortgage, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance by Lender Not a Waiver.** No extension of the time for payment or modification of the terms or conditions of the Note or this Mortgage granted to Borrower shall operate or release Borrower, in any manner, from liability under the Note or this Mortgage. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements and references to Borrower and Lender herein contained shall bind, and the rights hereunder shall inure to, their respective heirs, successors and assigns. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the property to Lender under the terms of this Mortgage; is not personally liable on the Note or under this Mortgage; agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property. This Mortgage and the Note secured thereby are not assumable.

12. **Notice.** Except for any notice required under applicable law to be given in another manner: (a) any notice to the Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail at the Property Address or at such other address as Borrower may designate by notice to the Lender as provided herein, and (b) any notice to Lender shall be given by certified mail, to the address stated herein.

13. **Governing Law; Severability; Costs.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses," and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

the final advance of Loan proceeds is made as provided in the Rider to the Note, the Principal Amount (or the balance thereof as shall not have been forgiven as provided in the Note at the time of such sale or refinancing) shall become immediately due and payable in full without notice or demand but only to the extent there are sufficient equity proceeds resulting from the sale or refinancing. If the Lender determines that the equity proceeds from the sale or refinancing are not sufficient to repay the balance then due in full, the Lender in its sole discretion may forgive the balance of the loan.

(d) **Limits on Personal Liability.** Notwithstanding any contrary provision in this Mortgage, Borrower's personal liability for payment of the indebtedness secured by this Mortgage and for performance of the other obligations to be performed by it under this Mortgage is limited in the manner, and to the extent, provided in the Note.

**Notice Under ORS 746.201.** Unless Borrower provides Lender with evidence of insurance coverage as required by this Mortgage, Lender may purchase insurance at Borrower's expense to protect Lender's interest. If the Property is damaged, the coverage purchased by Lender may not pay any claim made by Borrower or any claim made against Borrower. Borrower may later cancel the coverage obtained by Lender by providing evidence that it has provided the insurance coverage required by this Mortgage.

Borrower is responsible for the cost of any insurance obtained by Lender. The cost of that insurance may be added to the Principal Amount. If the cost is added, the interest rate set forth in paragraph 7 will apply to the added amount. The effective date of coverage may be the date Borrower's prior coverage lapsed or the date Borrower failed to provide proof of coverage.

The coverage purchased by Lender may be considerably more expensive than insurance Borrower may be able to obtain on its own and may not satisfy the need for property damage coverage or any mandatory liability insurance requirements imposed by applicable law.

**Statutory Notice.** UNDER OREGON LAW, MOST AGREEMENTS, PROMISES AND COMMITMENTS MADE BY LENDER CONCERNING LOANS AND OTHER CREDIT EXTENSIONS WHICH ARE NOT FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES OR SECURED SOLELY BY BORROWER'S RESIDENCE MUST BE IN WRITING, EXPRESS CONSIDERATION AND BE SIGNED BY LENDER TO BE ENFORCEABLE.

Page 5 of 6

Subordinate Mortgage (10-07-2016) – LPA Program          Loan Number – LPA02907-1794

Case 18-34280-tmb13    Doc 32    Filed 02/19/19

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation thereof.

15. **Acceleration; Remedies.** Upon the Borrower's breach of any covenant or agreement of the Borrower in the Note or this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, or in the event of a default on the Note, Lender, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Prior to acceleration of this Mortgage, Lender shall give notice to Borrower as provided in Paragraph 12 hereof specifying (1) the breach (if the breach is curable); (2) the action required to cure such breach; (3) a date, not less than ten (10) days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees, court costs, and costs of documentary evidence, abstracts and title reports.

16. **Borrower's Right to Reinstate.** Notwithstanding the acceleration of the sums secured by this Mortgage due to the Borrower's breach, the Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 15 hereof, including, but not limited to, reasonable attorneys' fees and court costs; and (d) the Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and the Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured shall hereby remain in full force and effect as if no acceleration had occurred.

17. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall prepare a written satisfaction of this Mortgage and provide same to the Borrower. The Borrower shall be responsible for recording the Satisfaction of Mortgage, including the cost of recording.

18. **Subordination.** Lender and Borrower acknowledge and agree that this Mortgage is subject and subordinate in all respects to the liens, terms, covenants and conditions of any First Mortgage and to all advances heretofore made or which may hereafter be made pursuant to such First Mortgage including all sums advanced for the purpose of (a) protecting or further securing the lien of the First Mortgage, curing defaults by the Borrower under the First Mortgage, or for any other purpose expressly permitted by the First Mortgage or (b) constructing, renovating, repairing, furnishing, fixturing or equipping the Property.

19. **Attorney's Fees.** As used in this Mortgage and in the Note, "attorney's fees" shall include attorney's fees, if any, incurred in connection with the collection or enforcement of this Mortgage or of the Note, whether or not suit is brought and whether incurred at trial, on appeal, in bankruptcy proceedings or otherwise.

20. **Special Provisions.**

    (a) **Default.** In addition to any other event of default under this Mortgage, the Borrower will be in default if any of the following occur: (i) if Borrower submits incomplete, false or misleading information to the Lender before or after the approval of the Loan; (ii) if Borrower violates any terms and conditions of the Note, the terms and conditions of which are incorporated herein by reference, or any other loan document governing the Loan; or (iii) if Borrower fails to provide to the Lender on a timely basis any information requested by the Lender in order for the Lender to monitor Borrower's continuing compliance with the terms and conditions of the Loan.

    (b) **Mortgage Not Assumable.** This mortgage cannot be assumed.

    (c) **Due on Sale or Refinance Clause.** If the Property is sold or refinanced at any time before conclusion of the five year period beginning on January 1 of the year following the year in which

Subordinate Mortgage (10-07-2016) – LPA Program

Loan Number – LPA02907-1794

## NOTICE TO BORROWER
### DO NOT SIGN THIS MORTGAGE IF IT CONTAINS BLANK SPACES.
### ALL SPACES SHOULD BE COMPLETED BEFORE YOU SIGN.

_____
TIFFANY CRUMBLE
BORROWER

STATE OF OREGON
COUNTY OF Multnomah

The foregoing instrument was acknowledged before me this 14th day of September, 20 17, by Tiffany Crumble.
TIFFANY CRUMBLE

_____
Notary Public – State of Oregon

OFFICIAL STAMP
LOREN ELLIS NALDOZA
NOTARY PUBLIC-OREGON
COMMISSION NO. 954860
MY COMMISSION EXPIRES OCTOBER 02, 2020

Loan Number: ██████-1794

Property Address: 1634 N SUMNER ST., PORTLAND, OR 97217

# EXHIBIT "A"
## LEGAL DESCRIPTION

LOT 3, BLOCK 13, RIVERSIDE ADDITION TO ALBINA, IN THE CITY OF PORTLAND, MULTNOMAH COUNTY, OREGON.